# BANKRUPTCY APPELLATE PANEL

OF THE SIXTH CIRCUIT

In re: JOHN T. MCCOY,

                *Debtor.*

No. 15-8056

Appeal from the United States Bankruptcy Court
for the Northern District of Ohio at Youngstown.
No. 11-43318—Kay Woods, Judge.

Decided and Filed: November 29, 2016

Before: HARRISON, PRESTON, and WISE, Bankruptcy Appellate Judges.

___

## COUNSEL

**ON BRIEF:** Carlo A. Ciccone, CICCONE LAW OFFICE LLC, Warren, Ohio, for Debtor.

___

## OPINION

___

MARIAN F. HARRISON, Bankruptcy Appellate Panel Judge. John T. McCoy ("debtor") filed this appeal from the bankruptcy court's denial of his motion to reopen his chapter 7 case despite no objections being filed. For the reasons stated below, the Panel reverses the bankruptcy court's ruling.

### I. STATEMENT OF ISSUES

Whether the bankruptcy court abused its discretion by denying the debtor's motion to reopen his chapter 7 case in order to avoid judicial liens based on timeliness when no creditor objected and there was no evidence of prejudice.

1

## II. JURISDICTION

The United States District Court for the Northern District of Ohio has authorized appeals to the Panel, and no party has timely elected to have this appeal heard by the district court. 28 U.S.C. § 158(b)(6), (c)(1). A final order of the bankruptcy court may be appealed as of right pursuant to 28 U.S.C. § 158(a)(1). For purposes of appeal, a final order "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citations and internal quotations omitted). The bankruptcy court's order denying the debtor's motion to reopen their bankruptcy case "is a final and appealable order." *Smyth v. Edamerica, Inc. (In re Smyth)*, 470 B.R. 459, 461 (B.A.P. 6th Cir. 2012) (citation omitted).

## III. STANDARD OF REVIEW

Whether to grant a motion to reopen is entrusted to the sound discretion of the trial court, and the bankruptcy court's decision should not be overturned absent an abuse of discretion. *Id.* (citation omitted). Findings of fact are only set aside if clearly erroneous, and matters of law are reviewed de novo. *Id.* "A court abuses its discretion when it commits a clear error of judgment, such as applying the incorrect legal standard, misapplying the correct legal standard, or relying upon clearly erroneous findings of fact." *Gourlay v. Sallie Mae, Inc. (In re Gourlay)*, 465 B.R. 124, 126 (B.A.P. 6th Cir. 2012) (quoting *Auletta v. Ortino (In re Ferro Corp. Derivative Litig.)*, 511 F.3d 611, 623 (6th Cir. 2008)). "The question is not how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion." *Barlow v. M.J. Waterman & Assocs., Inc. (In re M.J. Waterman & Assocs., Inc.)*, 227 F.3d 604, 608 (6th Cir. 2000) (citations omitted).

## IV. FACTS

The debtor filed a voluntary chapter 7 petition on November 18, 2011, and received a discharge on March 20, 2012. In his schedules, the debtor listed pre-petition judgment liens held by Asset Acceptance LLC, Capital One, Forum Health, LVNV Funding LLC, Palisade Collections, and Troy Capital ("creditors"), albeit on Schedule E, incorrectly. The debtor's

residence was listed as an asset on Schedule A. The debtor did not claim an exemption in the property, and he did not seek to avoid the judicial liens at that time because he intended to sell the home after his case was closed. The creditors received notice of the bankruptcy filing and of the discharge. The case was then closed on March 23, 2012.

On December 2, 2015, the debtor filed a motion to reopen his chapter 7 case in order to avoid these judgment liens so that he could refinance rather than sell. Proper notice was provided to all interested parties; however, no parties objected. At the hearing held on December 17, 2015, counsel for the debtor admitted that "it was an oversight on my part that I didn't go through with the actual terminations of the liens at the time it was open." (Hearing Transcript 3:25-4:2, Bankr. Case 11-43318, ECF No. 31, Dec. 17, 2015). He also stated that circumstances for the debtor had changed because he originally intended to sell the house and pay off the liens, but that was no longer his intent. At the hearing, the bankruptcy court denied the motion after a colloquy with the debtor's counsel:

> THE COURT: I don't find any basis to reopen the case at this point in time so you can take an action that you should have taken four years ago. These weren't recently discovered, they were well-known. You knew that there were judgment liens, and you chose not to do what needed to be done at that time. That was a strategic decision that now has an impact that the debtor doesn't like, but that's what is out there.
>
> MR. CICCONE: Your Honor, I understand. And I would just ask that you reconsider because of – I didn't want the debtor to suffer because of something that I had failed to do.
>
> THE COURT: Maybe you're going to suffer. You could end up with a malpractice claim for all I know, unless the debtor was the one who made the decision not to go forward with avoiding those liens. And if he did, he's going to have to live with that decision.
>
> \* \* \* \*
>
> You know, there are a lot of judges who won't reopen cases at all under these circumstances. I generally do when they're a no-asset case, and when it looks like it really was a mistake. I don't know what happened here, but it isn't that they were recently discovered. These judgment liens existed at the time the case was filed, and they were scheduled as judgment liens, not even as unsecured claims.

So it wasn't just the debtor knew that he owed the money. He knew that there were judgments out against him, and that —

\* \* \* \*

Not only that there were judgments, but that there were liens as a result of those judgments.

MR. CICCONE: I understand, Your Honor. I mean that's my best — I come here before you to tell you what the circumstances were. I'm not, you know, passing off any kind of fault or anything like that. So I just would leave it up to the Court and — I understand your decision.

THE COURT: At some point in time, there has to be finality. This debtor got a discharge three and a half years ago.

\* \* \* \*

And the case was closed a long time ago. The equities just don't favor reopening the case.

MR. CICCONE: Right, Your Honor, okay. I understand that, but like you said, there was a difference in circumstances in that if he was going to sell the home at the time —

THE COURT: He would have had to pay them off.

MR. CICCONE: And that's the strategy that I used when I — when I brought this case to, you know, open the case. But has since decided that because the mortgage has a seven percent interest rate, and he wants to stay in the home, he was trying to refinance with the same company, CitiMortgage in this case, and they won't refinance because of the outstanding liens that are against the property.

THE COURT: And that makes sense because the liens then would be earlier in time than the refinancing.

\* \* \* \*

But what I don't understand is if he was willing to pay these liens in full from the proceeds of the sale of his house, why he now isn't willing to pay them in full from the financing. It's the same issue.

MR. CICCONE: Well, Your Honor, the bank is refusing all kind of refinancing because of the liens. They won't go — they won't even let him proceed with making a decision whether they want to refinance, and he's stuck with paying the

seven percent now, and has been, because that's been the rate on the loan for the last 15 years, and has had a change of heart, and that's why we've decided to pursue it.

THE COURT: Why – there appears to be no reason whatsoever that you wouldn't have avoided these liens back in 2012. Because then they would have been unsecured, the liens would have been avoided, his personal liability would have been discharged, and there would no longer be liens on the house. That seems like a poor decision to have made, but you actually made a strategic decision to do that.

MR. CICCONE: That's correct, Your Honor. I'm not –

THE COURT: So this wasn't something that you didn't know about; you knew about it. You made a decision not to do something when you could have in 2012.

I'm not going to reopen this case under these circumstances. I'm going to deny your motion, and the Court will enter an order.

(Hearing Transcript 4:3-7:7, Bankr. Case 11-43318, ECF No. 31, Dec. 17, 2015).

The bankruptcy court entered an order denying the motion that same day, stating:

The Court held a hearing on the Motion on December 17, 2015, at which Mr. Ciccone appeared on behalf of the Debtor. Mr. Ciccone represented to the Court that, although the judgment liens were improperly scheduled, the Debtor and Mr. Ciccone had knowledge of the judgment liens when this case was filed. Mr. Ciccone stated that he made the strategic decision not to seek to avoid the judgment liens while this case was pending because the Debtor had previously intended to surrender his residence. Mr. Ciccone provided no further explanation why he did not seek to avoid the judgment liens on behalf of the Debtor while this case was pending.

The Court finds that the Debtor, by and through Mr. Ciccone, has failed to state cause to reopen this case, which has been closed for more than three and one-half years. The Debtor and Mr. Ciccone had knowledge of the judgment liens when this case was filed, but Mr. Ciccone did not to seek to avoid the judgment liens while this case was pending. As a consequence, the Court hereby denies the Motion for an Order to Reopen Case.

(Order Denying Motion for an Order to Reopen Case at 2-3, Bankr. Case 11-43318, ECF No. 21) (internal footnote omitted).

## V. DISCUSSION

Pursuant to 11 U.S.C. § 350(b), "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." When determining whether to reopen, many courts "consider the equities of each case with an eye toward the principles which underlie the Bankruptcy Code." *In re Kapsin,* 265 B.R. 778, 780 (Bankr. N.D. Ohio 2001) (citation omitted). "Courts have long held that avoidance of a judicial lien falls within the ambit of 'cause' to reopen a case, because it presents the potential for relief to the debtor." *In re Oglesby,* 519 B.R. 699, 703 (Bankr. N.D. Ohio 2014) (citations omitted). This does not mean that all motions to reopen to avoid liens should be granted. *In re Tarkington,* 301 B.R. 502, 506 (Bankr. E.D. Tenn. 2003). The *Tarkington* court recognized that "the appropriate inquiry is 'whether the delay associated with the reopening of the case is accompanied by a demonstration of prejudice to the creditor as a result of the debtor's conduct.'" *Id.* at 507 (quoting *In re Frasier,* 294 B.R. 362, 367 (Bankr. D. Colo. 2003)).

While the affected creditors did not object to the debtor's motion to reopen, the bankruptcy court denied the motion. The bankruptcy court reasoned that the debtor and his attorney had knowledge of the judgment liens when the bankruptcy case was filed but did not seek to avoid the liens while the case was pending for strategic reasons. Noting that they waited more than three and one-half years after the case was closed, the court concluded that the debtor failed to illustrate cause to reopen the case.

Neither 11 U.S.C. § 350(b) nor Federal Rule of Bankruptcy Procedure 5010 impose a limit on the time to file a motion to reopen, and the "[p]assage of time *alone* . . . does not *necessarily* constitute prejudice to a creditor sufficient to bar the reopening of a case." *In re Frasier,* 294 B.R. 362, 367 (emphasis in original) (citations omitted). *See also In re Bianucci,* 4 F.3d 526, 528 (7th Cir. 1993) (delay alone would not preclude reopening case, but delay combined with other factors would bar reopening case). The bankruptcy court did not find that any prejudice would result by reopening the case, or the existence of other factors which would bar reopening the case. Conversely, the debtor illustrated cause in that avoidance of the lien would provide him relief.

## VI. CONCLUSION

For the reasons stated, the bankruptcy court's order denying the debtor's motion to reopen his Chapter 7 case is REVERSED and the case is REMANDED with instructions to the bankruptcy court to permit the case to be reopened.

BANKRUPTCY APPELLATE PANEL
OF THE SIXTH CIRCUIT

No. 15-8056

FILED
Nov 29, 2016
DEBORAH S. HUNT, Clerk

In re: JOHN T. MCCOY,
      Debtor.

---

Before: HARRISON, PRESTON, and WISE, Bankruptcy Appellate Judges.

# JUDGMENT

On Appeal from the United States Bankruptcy Court
for the Northern District of Ohio at Youngstown.

This cause having been heard on the record from lower court proceedings and submitted on the brief of debtor's counsel, it is the judgment of the Bankruptcy Appellate Panel that the bankruptcy court's order denying debtor's motion to reopen his Chapter 7 case is REVERSED, and the case is REMANDED with instructions to the bankruptcy court to permit his case to be reopened.

FOR THE PANEL

_/s/ Deborah S. Hunt_
Deborah S. Hunt, Clerk